**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 03-CR-00071

MICHAEL JAY HUGHES,

    Defendant.
                                          /

**OPINION AND ORDER DENYING DEFENDANT'S
"MOTION FOR RELEAS[E] ON BOND PENDING APPEAL"**

Before the court is Defendant's February 16, 2007, "Motion for Releas[e] on Bond Pending Appeal." This motion has been fully briefed and the court concludes that a hearing on the motion is not necessary. For the reasons stated below, the court will deny the motion.

On May 2, 2003, Defendant entered a plea of guilty to conspiracy to manufacture 50 or more marijuana plants and possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(vii). Defendant was sentenced on August 26, 2003. On December 19, 2005, Defendant was re-sentenced, under *United States v. Booker*, 543 U.S. 220 (2005), to 60 months imprisonment followed by 4 years of supervised release and a special assessment of $100.

Defendant now brings his motion, requesting that the court "release him on bond pending the out-come [sic] of his appeal pursuant to 18 U.S.C. 3143 (b)." (Def.'s Mot. at 1.) Defendant claims that his offense involved only 42 plants of marijuana, and his

criminal history is category III, not IV because he is contesting one of his prior convictions, claiming actual innocence in the Sixth Circuit.  (*Id.* at 1-3.)  Accordingly, Defendant claims that his sentence should be 27 to 33 months, or 21 to 27 months, and that his appeal "is not for the purpose of delay and raises a substantial question of law or fact that is likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration fo the appeal process."  (*Id.* at 2-3 (quoting 18 U.S.C. § 3143(b)(1).)  Because Defendant has already served 43 months of his sentence (48 months including his 5 month credit for good behavior), and attests that he would not flee or pose a danger to the community, Defendant requests that the court grant him a bond pending his appeal.

In response, the Government points to 18 U.S.C. § 3143(b)(2), which provides that

> [t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

Section 3142(f)(1)(C) describes "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."  Defendant was convicted of conspiracy to manufacture 50 or more marijuana plants and possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(vii), which carries a statutory

2

maximum penalty of 20 years in prison.  21 U.S.C. § 841(b)(1)(C).  Therefore, the court is required to deny Defendant's petition.[1]  Accordingly,

  IT IS ORDERED that Defendant's "Motion for Release on Bond Pending Appeal" [Dkt. # 62] is DENIED.

  S/Robert H. Cleland  
  ROBERT H. CLELAND  
  UNITED STATES DISTRICT JUDGE

Dated:  April 25, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 25, 2007, by electronic and/or ordinary mail.

  S/Lisa Wagner  
  Case Manager and Deputy Clerk  
  (313) 234-5522

---

[1] The Government further contends that, to the extent Defendant brings his motion under 18 U.S.C. § 3145(c), the court should also deny the motion on that basis because that provision is inapplicable and Defendant has failed to show his eligibility under that statute.  Because Defendant specifically states in his reply that he is not bringing a claim under § 3145(c), the court need not determine whether Defendant could obtain relief under § 3145(c).